EAST RIVER ELECTRIC LIGHT Co. *v.* GRANT, Mayor, etc., *et al.*

(*Superior Court of New York City, General Term.* March 4, 1890.)

INJUNCTION—PLEADING—AVERMENT OF FACTS.

The complaint, in an action to restrain the mayor, the board of electrical control, and other officials of the city of New York from removing the wires of plaintiff from certain poles, placed plaintiff's right to use the poles upon its possessing a franchise under an ordinance giving it the right to place its wires, etc., "according to such plans as may be directed, approved, or allowed by and subject to the powers of the electrical subway commissioners, and to the provisions of chapter 499 of the Laws of 1885." There were no allegations of fact to show that plaintiff strung its electric wires according to the plans and provisions referred to in the ordinance, or that it had received a permit from the board of electrical control to

use the poles for the wires, but it merely alleged that it strung its wires "pursuant to the authority conferred upon it by law." *Held*, that no right to an injunction was shown.

Appeal from special term.

Action by East River Electric Light Company against Hugh J. Grant, as mayor of the city of New York, Jacob Hess, Theodore Moss, and Daniel L. Gibbens, constituting the board of electrical control in and for the city of New York, Thomas F. Gilroy, as commissioner of public works of the city of New York, and Michael F. Cummings, as superintendent of the bureau of incumbrances, for an injunction restraining defendants from removing the wires of plaintiff from certain poles in Sixth avenue, from Eighteenth street to Carmine street, in said city of New York. Plaintiff appeals from order denying motion for continuance of temporary injunction.

The opinion filed at special term on dissolving the injunction is as follows: "INGRAHAM, J. By the permit of September 7, 1888, the board of electrical control authorized the plaintiff to string four wires on existing poles in Sixth avenue, from Eighteenth street to Carmine street. At the time the permit was granted the Metropolitan Telegraph Company and the Western Union Telegraph Company owned certain poles in Sixth avenue, and under some agreement with these companies the plaintiff placed the four wires on such poles. The power of the board of electrical control to grant such permit, and the effect of such permit, when granted, depend upon the provisions of chapter 499, Laws 1885, and chapter 716, Laws 1887. By the latter act all the powers and duties conferred or imposed by the act of 1885 upon the commissioners appointed thereunder, and all the powers and duties imposed upon the local authorities of the city, or any of them, in respect to or affecting the placing, erecting, construction, suspension, maintenance, use, regulation, or control of electrical conductors, or conduits or subways for electrical conductors, in said city, were transferred to, conferred and imposed upon, and were thereafter to be exclusively exercised and performed by, said board of electrical control. This provision gave to the board all the power in regard to the electrical conductors in the public streets which before that act had been exercised by any officer or department of the municipal corporation, or by the commissioners appointed by the act of 1885. There is nothing in the act in question that would limit the power of the board to revoke a permit, or authorize the court to substitute its discretion as to the continuance of electrical conductors erected by permission of the board; nor does the fact that the board gave to a corporation permission to string its wires upon certain existing poles amount to a guaranty that the poles shall always exist, or that the board will keep the poles in the position in which they were at the time the permit was given. It is apparent that such a permit was to continue only so long as the poles should continue in the streets, and, when the poles as erected became unnecessary for the use for which they were originally or primarily intended, it is clear that the corporation could not compel the board or the owner of the poles to maintain them in the position in which they were at the time the permit was given. The permit was a mere license, revocable at any time by the board that granted it; and when, in consequence of the removal of the wires of the companies that owned the poles, they became no longer necessary for the use to which they were primarily put, in the absence of an express contract, neither the board nor the city was bound to maintain the poles, nor see to it that they were not removed. This is just what happened. It is clear that, as between plaintiff and the telephone company, plaintiff could not compel the telephone company to maintain these poles for the purpose of maintaining plaintiff's wires. The telephone company having no further use for the poles, have abandoned them, and the board has revoked plaintiff's permit to use the poles for its wires; and I can see no ground upon which plaintiff can claim that either the telephone com-

pany, or the board of electrical control, is bound to keep the poles in position, so that the plaintiff can use them.   The ordinance of the common council, under which the plaintiff is acting, is expressly subject to the power of the electric commissioners.   Upon that board are conferred all the powers before conferred upon the local authorities.   The permit under which the plaintiff acted was subject to the rules and regulations of the board, and I think it is clear that when the board, having power to say when the existing poles shall be removed, directed such removal, the plaintiff had no right to insist that the poles shall remain.   Motion to continue the injunction denied, and temporary injunction dissolved, with $10 costs."

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*William H. Kelly,* for appellant.   *William H. Clark,* for respondents.

SEDGWICK, C. J.   The action was for an injunction restraining the defendants from proceeding to remove the wires of the plaintiff from certain poles in Sixth avenue, from Eighteenth street to Carmine street.   I am of opinion that the views expressed by the learned judge below in dissolving the temporary injunction were correct.   Some considerations, not pertinent to the view he took, may be adduced in support of the result.   The complaint was demurrable.   It placed the plaintiff's right to use the poles upon its possessing a franchise under the terms of an ordinance, as follows:  "That permission and authority are hereby given and granted unto the East River Electric Light Company to place, construct, and to use wires, conduits, and conductors for electrical purposes in the city of New York, and over and under the streets, avenues, etc., according to such plans as may be directed, approved, or allowed by and subject to the powers of the electrical subway commissioners, and to the provisions of chapter 499 of the Laws of 1885."   There were, however, no allegations of fact to show that the plaintiff "strung its electric wires" according to the plan and the provisions referred to in the ordinance.   There was no averment that it had received a permit from the board of electrical control to use the poles for the wires.   It alleged a matter of law only,—that it strung its wires "pursuant to the authority conferred upon it by law."   The plaintiff did not show a right to the equitable and discretionary relief of injunction.   The object of the relief, as asked, was to restrain the commission of a trespass.   The facts, however, stated in the complaint and in the affidavits did not prove that the plaintiff could not obtain full and adequate relief by the recovery of damages.   It was admitted on the argument that the board of electrical control could upon reasonable notice, for reasonable cause, require the plaintiff to remove its wires from the poles.   It appeared that there was reasonable cause on which the board could act.   For instance, the poles themselves were incumbrances which might be lawfully removed, and the poles were of a size that was not necessary to the business of the plaintiff.   Therefore the right of plaintiff, construing all things most favorable to it, was to maintain the wires until such reasonable notice.   The plaintiff did not show what the time of reasonable notice would be, and, of course, did not show the extent of the damages the plaintiff would suffer from not being permitted to retain its wires upon the poles during the lapse of that time.

The plaintiff in part relies upon a permit of the board that authorized the plaintiff to string four wires on existing poles on Sixth avenue, from Eighteenth street to Carmine street.   The permit necessarily referred to the poles as then rightfully there.   It was not implied that the permit should operate after the poles ceased to be rightfully in the streets.   The order should be affirmed, with $10 costs to abide the event, and the disbursements to be taxed.